## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RACHEL K. MERHEB, INDIVIDUALLY,
STAR LIMO, LLC, d/b/a STAR LIMO and
VANGO, LLC d/b/a 505 VANGO,

      Plaintiffs,

vs.                                 Case No. _____

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

      Defendant.

## NOTICE OF REMOVAL

Defendant Philadelphia Indemnity Insurance Company ("Philadelphia") gives notice of the removal of this case from the Second Judicial District Court, County of Bernalillo, New Mexico, to the United States District Court for District of New Mexico on the basis of diversity jurisdiction.  In support of this Notice of Removal, Philadelphia states as follows:

I.      **Background And Procedural Prerequisites For Removal**

**A.**      Rachel K. Merheb, Individually, d/b/a Star Limo, Star Limo, LLC and Vango, LLC d/b/a 505 Vango. ("Plaintiffs") commenced this action in the Second Judicial District Court, County of Bernalillo, New Mexico, cause number D-202-CV-2021-06289, on November 21, 2021 (the "State Court Action").  Copies of the Complaint for Breach of Contract, Bad Faith, and Violations of the New Mexico Unfair Claims Practices Act, Court-Annexed Arbitration Certificate, and Acceptance of Service, which comprise the entirety of the state court file at this time, are attached as Exhibit A.

**B.**      Philadelphia was served with the Complaint and Summons on November 4, 2021. *See* CT Corporation Service of Process Transmittal attached as Exhibit B.

**C.**     Philadelphia's Notice of Removal is timely given that it is filed within 30 days after service of process and within one year after commencement of this action.  *See* U.S.C. §§ 1446(b)(2)(B)(c).

**D.**     This Court's jurisdiction must be assessed by examining the complaint filed in the State Court Action on its face as of the time of filing this Notice of Removal.  *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 390 (1998) ("[F]or purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court") citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938) ("[T]he status of the case disclosed by the plaintiff's complaint is controlling in the case of removal.")); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) ("[T]he propriety of removal is judged on the complaint as it stands at the time of removal.").

## II.     <u>Diversity Jurisdiction Exists</u>

**A.     The Proper Parties in this Action are Citizens of Different States.**

**1.**     Plaintiff Rachel Merheb d/b/a Star Limo is a New Mexico corporation located in Bernalillo County, New Mexico.  (Compl. ¶1).

**2.**     Plaintiff Star Limo, LLC is a New Mexico limited liability company with its principal place of business in Bernalillo County, New Mexico.

**3.**     Plaintiff Vango, LLC d/b/a 505 Vango is a New Mexico limited liability company with its principal place of business in Bernalillo County, New Mexico.

**4.**     Defendant Philadelphia is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.  Philadelphia is a citizen of the State of Pennsylvania for purposes of determining diversity of citizenship.

5.     Pursuant to 28 U.S.C. §§ 1332 and 1441, there is complete diversity of citizenship between Plaintiffs and Defendant.

**B.     The Amount in Controversy Exceeds $75,000.**

1.     The amount in controversy for removal jurisdiction is determined normally by reference to allegations in the plaintiff's complaint.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  The court must examine the facts existing at the time of removal and determine whether those facts prove to a "reasonable probability that the jurisdictional amount was met." *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997).  The Court may look to the substance and nature of the injuries and damages described in the pleadings.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  Here, Plaintiffs' allegations plainly demonstrate that they seek more than the required $75,000 jurisdictional amount.

2.     Philadelphia is an insurance company.  Philadelphia insured Plaintiffs under a commercial policy of insurance issued on April 10, 2014 (Policy Nos. PHPK 1158 and 1159 and PHUC 455 and 609).  (Compl. ¶ 16.) Following an accident involving a van owned by Plaintiffs, Philadelphia paid victims of the accident in excess of $2.8 million in personal injury damages. (Compl. ¶ 19.) Philadelphia declined to compensate Plaintiffs for their own alleged "loss of business income, loss of personal injury income", and the ensuing physical "emotional and mental damages suffered" by Plaintiff Rachel Merheb. (Compl. ¶ 21.) Plaintiffs' Complaint asserts that Philadelphia has in bad faith failed to provide coverage for incidental and consequential damages involving business losses, physical and emotional damages (Compl.

¶ 21.) Plaintiffs assert claims for breach of contract, bad faith, and willful and intentional violations of the New Mexico Unfair Insurance Claims Practices Act, NMSA 1978 § 59A-16-20 ("UCPA").  Plaintiffs' court-annexed arbitration certificate certifies that it seeks relief in excess of $25,000, *exclusive of* interests, costs, and attorney's fees.  (*See* Exhibit A.)

3.      Plaintiffs also seek punitive damages (Compl. ¶ 38) and attorney's fees (Compl., Prayer for Relief) under the New Mexico UCPA.  The Court may properly consider these claims in determining that the amount in controversy requirement is satisfied.  *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376-77 (6th Cir. 2007) (attorney's fees requested by plaintiff and allowed by statute included in calculating amount in controversy).  *See also Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247 (10th Cir. 2012) (punitive damages may be considered in determining the requisite jurisdictional amount).  And following the United States Supreme Court's rulings in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443 (1993), New Mexico courts have upheld punitive damages awards of up to ten times the amount of the awarded compensatory damages, *see Aken v. Plains Elec. Generation & Transmission Coop., Inc.*, 2002-NMSC-021, 132 N.M. 401, 49 P.3d 662; *Allsup's Convenience Stores, Inc. v. N. River Ins. Co.*, 1999-NMSC-6, 127 N.M. 1, 976 P.2d 1, further supporting that the potential amount in controversy exceeds the jurisdictional threshold.

4.      Philadelphia denies Plaintiffs' allegations and all liability, and specifically denies that Plaintiffs are entitled to any damages whatsoever.  Nonetheless, given the nature of Plaintiffs' multiple claims for damages, paired with their demand for punitive damages and attorney's fees, the Court properly may conclude that Plaintiffs are claiming damages in excess of $75,000.00.  *See Miera v. Dairyland Insurance Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998)

(district court reasonably speculated that jurisdictional amount in controversy would be satisfied given complexity of case).  Thus, although Philadelphia denies the allegations against it in the Complaint, taking those allegations on their face as true (as this Court must do for the purpose of determining the propriety of removal), it is reasonable to find that the total amount of damages that Plaintiffs seek to recover in this case exceeds $75,000.  *See McPhail v. Deere & Co.*, 529 F.3d at 947 (10th Cir. 2008) (a defendant is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake).  Accordingly, the amount in controversy at the commencement of the action and at the present time exceeds $75,000, exclusive of interest and costs.

5.      Given the complete diversity of the real parties in interest and an amount in controversy in excess of $75,000, this Court has jurisdiction over the causes of action and claims asserted against Philadelphia in the State Court Action pursuant to 28 U.S.C. § 1332, and this action properly is removable pursuant to 28 U.S.C. § 1441.

III.    **Propriety Of Removal**

1.      This Notice is being filed within 30 days after Philadelphia's first receipt of a copy of the initial pleading setting forth the claim for relief upon which the action is based, as required by 28 U.S.C. § 1446(b).

2.      Apart from the pleadings and process attached as Exhibit A, Philadelphia has received no other process, pleadings, motions or orders.

3.      The United States District Court for the District of New Mexico is the federal judicial district embracing the Second Judicial District Court, County of Bernalillo, New Mexico, where this suit was originally filed.  Venue is thus proper in this Court pursuant to 28 U.S.C. § 89(c) and removal to this District is proper under 28 U.S.C. § 1441(a).

4.      This lawsuit accordingly may be brought before the United States District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1441(a).

5.      Philadelphia will promptly (a) file a true and correct copy of this Notice with the Clerk of the Second Judicial District Court, County of Bernalillo, New Mexico, in accordance with 28 U.S.C. § 1446(d), and (b) serve Plaintiff's counsel with a true and correct copy of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:  */s/ Leslie McCarthy Apodaca*
       Charles J. Vigil
       Leslie McCarthy Apodaca
Post Office Box 1888
Albuquerque, New Mexico  87103-1888
cvigil@rodey.com
lapodaca@rodey.com
Telephone: (505) 765-5900
Facsimile: (505) 768-7395
*Attorneys for Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused to be sent via electronic mail a true and correct copy of the foregoing pleading to the following counsel of record on December 3, 2021:

Robert M. Strumor / rstrumor@waggonerlegalgroup.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____*Charles J. Vigil*_____
       Charles J. Vigil